William L. Hughes, Respondent, *v.* The New Jersey Steamboat Co., Appellant.

(New York Superior Court — General Term, January, 1895.)

In an action to recover for injuries sustained by plaintiff while ascending the stairs of one of the defendant's boats, the claim was that the stairs were too slippery to be safe.   The evidence tended to show that the steps were covered with brass plates raised in the form of stars and that no accident had happened thereon although many thousand passengers had been carried during the year.   An expert testified that the stairs were of the best form constructed.   Plaintiff admitted that the brass was

raised with some kind of device, and it appeared that his foot when he slipped was on the step only to the hollow of the foot. *Held*, that there was not sufficient proof of defendant's negligence to carry the case to the jury, and that it was error to submit it to them.

APPEAL by defendant from judgment in favor of the plaintiff, entered upon the verdict of a jury, and from order denying defendant's motion for a new trial.

*W. P. Prentice*, for appellant.

*Edwin G. Davis*, for respondent.

FREEDMAN, J. This action was brought for the recovery of damages alleged to have been sustained by the plaintiff through the negligence of the defendant. The plaintiff had engaged passage on the steamer *Dean Richmond*, belonging to the defendant, and while going up the main stairway on board of said steamer to his stateroom, with his grip in his right hand and his key, tickets and umbrella in his left, his foot slipped and he fell and broke his knee-cap. Under all the circumstances disclosed by the record, the question of plaintiff's contributory negligence was a question of fact for the jury, and as such it was properly submitted, and the finding of the jury upon this point should not be disturbed, if the case was one for the jury.

It is a serious question, however, whether sufficient evidence was given to charge the defendant with negligence. There is no claim that the stairs, as maintained by the defendant, were out of repair, but the contention of the plaintiff simply is that they were too slippery to be safe. At the trial the plaintiff testified that when he placed his foot upon the third step of the staircase he slipped and fell; that upon the stairs was a covering of very highly polished brass which was very slippery, and that the slipperiness of this brass covering caused his fall. This testimony as to the slippery condition of the staircase was not corroborated. In opposition to it the defendant showed by quite a number of witnesses that the stairs were not slippery; that the treads were covered with brass sheathing

which was polished, but that the surface of the brass sheathing was raised in small stars; that they were the best stairs that could be constructed; that there was no defect whatever in them, and that no accident had ever been known to have occurred upon these stairs, although the steamboat had carried over 5,000 passengers that month and about 62,000 that year. Among these witnesses was John E. Hoffmire, a stair-builder and ship and steamboat joiner, who had built the stairs in 75 to 100 first-class steamers and built 600 or 700 flights of stairs, and who testified as follows: "I always considered the stairs in the People's Line (meaning defendant's line) were the best form that I ever constructed. The treads are covered with brass to protect the wood. The brass is made, and then it is struck up, raised in a star form, and the stars are about an inch and a half apart, running in a diamond shape. Brass is the best covering for stairs now like this. I have never known an accident by any one falling on the stairs. I have seen these stairs lately. I saw them last Wednesday, and examined them. I have seen them every year. I go up and down every year. There has been no change in them; the condition is as it was when they were first constructed. You can't make it any better than what it is. This photograph, defendant's Exhibit A, is a correct picture. There is eight inches rise and fourteen-inch tread, and it is the same in all the boats. That tread is rough enough for a man to hold his feet on. Stairways that have rubber on them have a metal nosing. I have had experience on stairways with rubber on them and metal nosing. I came down one of them head first — I fell by the nosing rising a little above the rubber, my heel got caught and tripped me."

Even the plaintiff, on his cross-examination, although not willing to admit that the brass covering was raised in stars to give an uneven and somewhat rough surface, conceded that "it was raised with some kind of device." And the explanation given by him as to the manner in which he slipped favored rather the theory that his injuries were the result of a pure accident than the theory that they were caused by

New York Superior Court, January, 1895.        [Vol. 11.

defendant's negligence, for it showed that his foot which slipped had not been planted upon the step in question with sufficient exactness. His testimony upon this point was: "My foot was on the step to the heel of the shoe. My foot up to the hollow was on the step."

Under these circumstances there was not sufficient proof of negligence on the part of the defendant. The conflict of evidence, if it be deemed there was any at all, was only superficial, and even in that aspect of the case the clear preponderance of evidence was in favor of the defendant. The submission of the case to the jury, therefore, constituted error.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

McADAM, J., concurs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.